UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| IN RE | |
| INMET MINING, LLC | CASE NO. 23-70113 |
| DEBTOR | |
| BLUEGRASS NATURAL RESOURCES, LLC | PLAINTIFF |
| V. | ADV. NO. 24-7002 |
| DAVID J. BECKMAN, AS TRUSTEE OF THE BLACKJEWEL LIQUIDATION TRUST, LLC | DEFENDANT |

**MEMORANDUM OPINION
GRANTING MOTION TO DISMISS**

Bluegrass Natural Resources, LLC ("Bluegrass") filed its Complaint against Defendant David J. Beckman, as Trustee of the Blackjewel Liquidation Trust, LLC, on April 12, 2024. [ECF Nos. 1, 5.] Count One requests a declaration that Bluegrass acquired real property (referred to by the parties as the "Lee County Assets") from the Debtor INMET Mining, LLC, in a sale of substantially all assets under 11 U.S.C. § 363. Count Two seeks to enjoin Beckham from asserting or pursuing any interest in the property and Count Three asks for contempt sanctions for Beckman's current attempts to market and sell the Lee County Assets. [*Id.*]

Beckham moved to dismiss the adversary proceeding for lack of subject matter jurisdiction under Civil Rule 12(b)(1) (incorporated by Bankruptcy Rule 7012). [ECF No. 42.] Beckham argues Bluegrass violated the Barton Doctrine because it has not asked for permission from the Southern District of West Virginia Bankruptcy Court to file this action. The matter is fully briefed, and a hearing was held on July 18, 2024. [ECF Nos. 47-48, 50-51.]

1

The Barton Doctrine applies, so the Motion is granted.

**I.    Relevant Facts.**

On July 1, 2019, Blackjewel LLC filed a chapter 11 petition in the Southern District of West Virginia Bankruptcy Court. *See In re Blackjewel, LLC*, Bankr. No. 19-30289 (Bankr. S.D.W.V.). INMET, as an affiliate and designee of Kopper Glo Mining, LLC, acquired some of Blackjewel's mining permits, real property interests, and other assets in a § 363 sale approved on September 17, 2019. *Id.* at ECF No. 1096. On March 22, 2021, Blackjewel confirmed a liquidating plan that created the Blackjewel Liquidation Trust. *Id.* at ECF Nos. 2499 (plan), 2602-1 (liquidating trust agreement), 3147 (confirmation order). David J. Beckman is the liquidating trustee of the Blackjewel Liquidation Trust. *Id.*

On April 5, 2023, INMET filed a chapter 11 petition in the Eastern District of Kentucky Bankruptcy Court. *See In re INMET Mining, LLC*, Bankr. No. 23-70113 (Bankr. E.D. Ky.). Bluegrass, as designee of Black Mountain Marketing and Sales LP, acquired some of INMET's assets, referred to as the Kentucky assets, in a § 363 sale approved on July 13, 2023. *Id.* at ECF No. 536.[1] INMET subsequently confirmed a liquidating plan that created the INMET Liquidating Trust on December 13, 2023. *Id*. at ECF Nos. 728-1 (plan & liquidating trust agreement), 867 (confirmation order). Evan Blum is the liquidating trustee for the INMET Liquidating Trust. *Id.*

The sale papers in the INMET bankruptcy case include the Lee County Assets. But Beckham is attempting to sell the Lee County Assets because he believes the Lee County Assets were excluded from the 2019 sale to INMET. Therefore, Bluegrass filed this action to resolve the conflict.

---

[1] INMET also sold other assets, referred to as the "Pigeon Creek Assets", to Coking Coal, LLC. *Id.* at ECF No. 537.

Shortly thereafter, the Blackjewel Liquidation Trust filed a similar complaint in the Southern District of West Virginia Bankruptcy Court against Bluegrass and the INMET Liquidating Trust. *See Blackjewel Liquidation Trust by and through David J. Beckham, Trustee, v. Bluegrass Natural Resources, LLC and Liquidating Trust of INMET Mining, LLC*, Adv. No. 24-3000 (S.D.W.V.). Beckham seeks a declaration that the Blackjewel Liquidation Trust owns the Lee County Assets and asks for damages from both Bluegrass and the INMET Liquidating Trust. *Id.* at ECF No. 1. A motion to dismiss the West Virginia adversary proceeding based on the prior filing of this case is currently pending in that court. *Id.* at ECF No. 8.

On May 2, 2024, Beckham moved to stay this adversary proceeding pending resolution of the West Virginia adversary proceeding. [ECF No. 11.] Beckham argued Bluegrass improperly commenced this adversary proceeding in a "race to the courthouse" and the West Virginia Bankruptcy Court is the better forum to resolve the dispute. [*Id.*] The stay request was denied on May 29, 2024. [ECF No. 38.] Beckham now moves to dismiss this adversary proceeding for lack of subject matter jurisdiction based on the Barton Doctrine.

II. **The Barton Doctrine Applies to Bluegrass's Claims.**

A party that intends to sue a trustee for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court must first seek leave from the appointing court before filing the action – the Barton Doctrine. *Barton v. Barbour*, 104 U.S. 126, 128 (1881). The Barton Doctrine sets up a gatekeeping function that recognizes the appointing court's jurisdiction and allows that court to monitor the trustee's work and control burdensome litigation. *See Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d. 1236, 1240 (6th Cir. 1993); *OHM Sys., Inc. v. Park Place Corp.*, Case No. 1:19-cv-0907, 2020 WL 2572203, at *5

3

(S.D. Ohio May 1, 2020); *Heavrin v. Schilling*, Civ. Action No. 3:06CV-407-H, 2007 WL 952077, at *1 (W.D. Ky. March 26, 2007) aff'd, 519 F.3d 575 (6th Cir. 2008).

The Barton Doctrine is directly implicated in this adversary proceeding. The doctrine's protection extends to a trustee's collection, preservation, and holding of assets, or any other acts required to administer and liquidate the estate. *DeLorean Motor Co.*, 991 F.2d at 1241. The Barton Doctrine applies to all types of litigation against a trustee, including declaratory and injunctive relief and a claim for damages. *See Curry v. Castillo (In re Castill)*, 297 F.3d 940, 945 (9th Cir. 2002); *see also In re Crown Vantage, Inc.*, 421 F.3d 963, 973 (9th Cir. 2005) (applying the Barton Doctrine to claims against a liquidating trustee); *Holdbrook v. Mason*, No. CV-20-01413-PHX-JAT, 2020 WL 5292003, at *3 (D. Az. Sept. 4, 2020) (a suit that does not seek money damages or affect the property of the bankruptcy estate falls under the Barton Doctrine); *In re CFB Liquidating Corp.*, 576 B.R. 610, 621 (Bankr. N.D. Cal. 2017) (the Barton Doctrine prevents an insurer from seeking a declaratory judgment against a liquidating trustee); *McIntire v. China MediaExpress Holdings, Inc.*, 113 F. Supp. 3d 769, 772 (S.D.N.Y. 2015) (the Barton Doctrine has been applied to declaratory judgment actions and suits seeking damages).

Further, Beckham has the duty and authority to liquidate the Blackjewel Liquidation Trust assets so he can disburse funds to the beneficiaries. *In re Blackjewel*, Bankr. Case No., ECF No. 2602 at Art. 3.5(6) (Bankr. S.D.W.V.) (the liquidating trustee may "protect and enforce the rights to the Liquidation Trust Assets vested in the Liquidation Trust . . . by any method deemed appropriate including, without limitation, by judicial proceedings..."). Bluegrass has not alleged any facts or offered any argument that would suggest that Beckham was acting outside of his capacity as trustee of the Blackjewel Liquidation Trust. *See Katz v. Hampton-Stein (In re Nat'l Century Fin. Enter., Inc.)*, 426 B.R. 282, 292 (Bankr. S.D. Ohio 2010) (presumption

rebutted by facts pled that trustee exceeded scope of his duty); *see also* [ECF No. 5 at ¶¶ 7-10, 61-63, 65 (alleging Blackjewel claims ownership of, and intends to sell, the Lee County Assets).]

Bluegrass must seek permission from the West Virginia Bankruptcy Court before it can sue Beckham and the Blackjewel Liquidation Trust. Dismissal for lack of subject matter jurisdiction is required. *See McKinney v. 2nd Chance Auto Sales, Inc*., 611 B.R. 894, 898 (Bankr. M.D. Ala. 2020) (the Barton Doctrine is a jurisdictional doctrine that withdraws subject matter jurisdiction if permission is not sought); *see also* FED. R. CIV. P. 12(h)(3) (incorporated by Fed. R. Bankr. P. 7012) (requiring dismissal for lack of subject matter jurisdiction); *OHM Sys., Inc.*, 2020 WL 272203 at *5 (a court must dismiss for lack of subject matter jurisdiction if a plaintiff neglects to seek leave from the appointing court); *Bell v. McLemore and Young PLLC*, Case No. 3:17-cv-959, 2017 WL 4999627, at *2 (M.D. Tenn. Nov. 2, 2017) (same); *Harris-Orr v. Ruskin*, Case No. 04-72914, 2005 WL 2398011, at * 2 (E.D. Mich. Sept. 27, 2005) (same).

Dismissal is an end to this proceeding, but it does not bring the parties closer to resolving their disputes. The West Virginia adversary proceeding involves the liquidating trustee appointed by this Court. This Court has not granted Beckham authority to sue the liquidating trustee of the INMET Liquidating Trust, so it is likely that the Southern District of West Virginia Bankruptcy Court will need to address the Barton Doctrine in due course.

### III.    Conclusion.

Based on the foregoing, it is ORDERED that Beckham's Motion to Dismiss [ECF No. 42] is GRANTED for lack of subject matter jurisdiction. This adversary proceeding is DISMISSED without prejudice by separate order entered contemporaneously herewith.

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Tuesday, July 30, 2024**
      **(grs)**